# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BARNES,<br>Individually on behalf of himself and similar situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC., RENAISSANCE CENTER MANAGEMENT COMPANY, GENERAL MOTORS, LLC. F/K/A GENERAL MOTORS COMPANY, GREGORY JENKINS, MICHAEL BALDWIN, JR., LARRY PAYNE, CHAD GRUETMAN, MICHAEL MOUILLESEAUX, DANIEL REBAR, MATTHEW WILEY, MATTHEW ZANI, CRAIG HACKETT, LAWERENCE CHILDS, DOUGLAS BAYER, AND RENE LACELLE<br><br>Jointly and Severally,<br>Defendants. | Case No.: 4:23-cv-12897<br><br>Hon. Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman<br>*Class Action*<br><br>***PLAINTIFFS MOTION FOR DEFAULT AGAINST DEFENDANT G4S*** |

DANIELLE B. SAFRAN (P61965)
THE SIGLER LAW FIRM, PLC
*Attorney for Plaintiff*
30300 Northwestern Hwy, Ste 337
Farmington Hills, MI 48334
(248) 705-6400
Safranlaw1@gmail.com

ALICE JENNINGS
Alice B. Jennings (P29064)
*Co-Counsel for Plaintiff*
3031 West Grand Blvd., Suite 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardsjennings.com

Kelly Eisenlohr-Moul
Jennifer L. Pope
MARTENSON HASBROUCK & SIMON LLP
*Attorneys for RCMC, GM*
500 Davis St.; Ste. 1003
Evanston, IL 60201
(224) 350-3120
keisenlohr-moul@martensonlaw.com
jpope@martensonlaw.com

|  | Ronda Tate Truvillion (P70767)<br>Hans J. Massaquoi (P44748)<br>LEWIS & MUNDAY, P.C.<br>*Attorneys for Individual Defendants*<br>220 W. Congress Street, Suite 500<br>Detroit Michigan 48226<br>(313) 961-2550<br>rtate@lewismunday.com<br>hmassaquoi@lewismunday.com |
|---|---|

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT G4S SECURE SOLUTIONS (USA), INC.

Plaintiff, Robert Barnes, by and through his attorneys, The Sigler Law Firm, PLC. And Edwards and Jennings, PC, hereby rely on the attached brief in support of their Motion for Default Judgment against Defendant G4S Secure Solutions (USA), Inc. ("G4S") pursuant to *Fed. R. Civ. P. 55(b)(2)*

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion for Default Judgment against Defendant G4S Secure Solutions (USA), Inc. in an amount to be determined by this Court after hearing, plus attorney's fees, costs, interest and any additional damages which Plaintiff is deemed entitled.

.

Dated: March 12, 2024

Respectfully Submitted,

/s/Danielle Safran
Danielle B. Safran (P61965)
30300 Northwestern Hwy, Suite 337
Farmington Hills, MI 48334

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BARNES,<br>Individually on behalf of himself and similar situated individuals,<br><br>                    Plaintiffs,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC., RENAISSANCE CENTER MANAGEMENT COMPANY, GENERAL MOTORS, LLC. F/K/A GENERAL MOTORS COMPANY, GREGORY JENKINS, MICHAEL BALDWIN, JR., LARRY PAYNE, CHAD GRUETMAN, MICHAEL MOUILLESEAUX, DANIEL REBAR, MATTHEW WILEY, MATTHEW ZANI, CRAIG HACKETT, LAWERENCE CHILDS, DOUGLAS BAYER, AND RENE LACELLE<br><br>                    Jointly and Severally,<br>                    Defendants. | Case No.: 2:23-cv-12897<br><br>Hon. Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman<br>*Class Action*<br><br>***PLAINTIFFS BRIEF IN SUPPORT OF MOTION FOR DEFAULT AGAINST DEFENDANT G4S*** |

**PLAINTIFFS BRIEF IN SUPPORT OF PLAINTIFFS MOTION TO DEFAULT DEFENDANT G4S SECURE SOLUTIONS (USA), INC.**

### I.    INTRODUCTION

Plaintiff Robert Barnes filed this putative class action against the Defendants alleging individual and class claims of employment discrimination arising out of his employment with Defendants GM, G4S and RCMC, including intentional race discrimination, race hostile work environment, failure to promote, and retaliation in violation of the Michigan Elliott Larsen Civil Rights Act, Civil Rights Act, 42 USC

§1981 and §1983, Family Medical Leave Act, and the Michigan Whistleblower Protection Act on November 14, 2023. *ECF No. 1*

Upon filing of the Complaint, Kelly Eisenlour-Moul identified herself as a representative on behalf of Defendant G4S Secure Solutions (USA), Inc. ("G4S") and filed a waiver of service of the Summons and Complaint on November 15, 2023. *ECF No. 3, PageID.155* However, G4S has failed to file an answer or a motion under Rule 12 within sixty days of the waiver of service. *ECF No. 3, PageID.155; Fed.R.Civ.P. 12(a)(1)(A)(ii)*

While co-Defendants RCMC, GM and Individual Defendants filed joint motions to compel arbitration under FRCP Rule 12(b)(1), Defendant G4S did not join in such. *ECF No. 4, 6* This is clear from the fact that neither the motion nor the brief in support of these motions assert that G4S is a bringing such motion or that the attorney filing such is doing so on their behalf. *ECF No. 4; ECF No. 6*

> **Allied Universal, RCMC, and GM's Motion** to Compel Arbitration and to Dismiss Plaintiff's Complaint or in the Alternative, Motion to Stay Proceedings Pending Arbitration. *ECF No. 4, PageID.156*…

> Consistent with the Federal Rule of Civil Procedure 12(b)(1) and the Federal Arbitration Act, **Defendants Allied Universal, RCMC, and GM** respectfully submit this Memorandum of Law… *ECF No. 4, PageID.158*

*See also ECF No. 6, PageID.316, 320* Additionally, neither attorney bringing such motions signed such motions on behalf of G4S nor do their motions include any

2

caption or appearance stating that they represent G4S at all. *ECF No. 4, PageID.157; ECF No. 6, PageID.316, 320* In fact, outside of the waiver of summons, no attorney has filed a Notice of Appearance on behalf of G4S. See Eisenlour-Moul's signature block for *ECF No. 4* which states *"Counsel for Allied Universal, RCMC & GM;" such does not include G4S* nor does the motion include G4S. *ECF No. 4, PageID.157* Therefore, in addition to waiving their rights to bring a motion to dismiss under FRCP 12(b), Defendant G4S is in default; a Default Judgment is warranted under these facts. *Fed.R.Civ.P 4(d)(3); Fed.R.Civ.P. 12(a)(1)(A)(ii); ECF No. 3, PageID.155*

    The only slight affiliation that G4S could arguably have has with this motion is that the entity name may have been checked as being associated with the filing of *ECF No. 4* in the e-filing system. *See Docket History* However, since the motion and brief in support do not assert that G4S is a Defendant bringing that motion and the motion is not signed by counsel on behalf of G4S, it is clear that no answer or responsive pleading was filed by G4S within sixty days of the waiver of service. *ECF No. 4, PageID.156-158; ECF No. 6*

3

## II. STATEMENT OF ISSUES PRESENTED

1. Whether this Court should enter a Default Judgment Against Defendant G4S for failing to Answer or Otherwise Defend this litigation in an amount that Plaintiff is deemed entitled after hearing on this matter.

   PLAINTIFF RESPONDS:  YES

   DEFENDANTS RESPOND: NO

### III. LEGAL STANDARD

Upon application, Federal Rule of Civil Procedure 55(b)(2) allows the court to enter a default judgment against a defendant who has failed to plead or otherwise defend against an action. *Fed. R. Civ. P. 55(b)(2)* Defendant G4S is not a minor or incompetent person. After a court determines that a default judgment should be entered, the court will determine the amount and character of the recovery awarded. *See Wright & Miller, 10A Federal Practice & Procedure, §2688 (3d ed. 1998)*

In signing and filing the Waiver of Service of Summons and Complaint on November 15, 2023, counsel for G4S attested to the following:

> I also understand that I, or the entity I represent, **must file and serve an answer or a motion under Rule 12 within 60 days** from 11/15/2023... **If I fail to do so, a default judgment will be entered** against me or the entity I represent.

*ECF No. 3, PageID.155; Fed.R.Civ.P. 12(a)(1)(A)(ii)* However, G4S has not filed any answer to the complaint in this matter and has not filed and/or joined in any responsive pleading or motion under FRCP 12(b) motion within sixty days of that date, in violation of FRCP 4(d)(3) as set forth in the facts above. See *Fed.R.Civ.P 4(d)(3); Fed.R.Civ.P.12(b); ECF No. 3, PageID.155; ECF No. 4, PageID.156-173* As a result, a Default Judgment is warranted.

This Court may either enter a default judgment in a certain amount, or conduct a hearing to determine the appropriate amount of damages. Regardless, under Federal Rule of Civil Procedure 54(c), *"[a] default judgment must not differ in kind from, or*

*exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c)*

> The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the trust of any allegation by evidence; or
> (D) investigate any other matter.

*Fed. R. Civ. P. 55(b)(2)* Here, all criteria are met under Fed. R. Civ. Pro. 55(b) as Defendant G4S has failed to answer or bring any FRCP Rule 12 motion to date. *See Jones v. Portfolio Recovery Assocs., No. 16-14061, 2017 WL 5162256, at 1 (E.D. Mich. Nov. 7, 2017) (holding that a default judgment is merely an admission of the facts in the complaint which themselves must be sufficient to establish liability as a basis for recovery of damages).* Thus, Plaintiff respectfully requests that this Court enter a Judgment for Plaintiff against Defendant G4S for the injunctive relief and/or damages prayed for in Plaintiff's Complaint in an amount to be determined after hearing.

In accordance with *Fed. R. Civ. P. 55,* Plaintiff requests that a Default Judgment be entered against Defendant G4S for failure to plead or otherwise defend this matter. The decision to grant default judgment is within the discretion of the district court. *See Lincoln v. Comm'r of Soc. Sec.*, 62 F. App'x 93, 94 (6th Cir. 2003). See also *Fed.R.Civ.P. 12(a)(1)(A)(ii); Fed.R.Civ.P 4(d)(3); Fed.R.Civ.P.12(b);* ECF No. 3, PageID.155; ECF No. 4, PageID.156-173 Plaintiff respectfully requests this Honorable Court hold a hearing as to damages, costs and attorneys fees pursuant to FRCP Rule 55(b)(2)(B).

2

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default Judgment against Defendant G4S Secure Solutions (USA), Inc. is appropriate and should be granted in the amount set forth above, along with attorney fees and interest Plaintiff is deemed entitled by this Court after hearing on this matter.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion for Default Judgment against Defendant G4S Secure Solutions (USA), Inc. and enter a Default Judgment in the amount of the damages Plaintiff is deemed entitled after hearing, plus attorneys' fees, costs, interest and any additional damages or relief for which Plaintiff is deemed entitled by this Court.

Dated: March 12, 2024

Respectfully Submitted,

/s/Danielle Safran
Danielle B. Safran (P61965)
30300 Northwestern Hwy, Suite 337
Farmington Hills, MI 48334

**CERTIFICATION UNDER E.D. MICH. LR 5.1(a):**

I, Danielle B. Safran, hereby certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (non-proportional fonts) or 14 point (proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

 /s/Danielle Safran
Danielle Safran

**PROOF OF SERVICE**

I certify that on March 12, 2024, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.

 /s/Danielle Safran
Danielle Safran