UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BARNES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC., et al.,<br><br>    Defendants. | Case No. 23-cv-12897<br><br>Honorable Robert J. White |

**ORDER GRANTING REQUEST FOR ENTRY OF DEFAULT**

    This case is before the Court upon Plaintiffs' request for a clerk's entry of default regarding Defendant Daniel Rebar, for his "failure to plead or otherwise defend and failure to appear at [a] hearing." (ECF No. 53). For the reasons given, the Court grants the requested relief and enters default against Rebar.

**I.    Background**

    Plaintiff Robert Barnes filed this action on November 14, 2023, against numerous individual defendants, including Rebar, as well as other corporate entities. (ECF No. 1). The corporate defendants responded by moving to compel arbitration on January 16, 2024. (ECF No. 4). Rebar and the other individual defendants moved to adopt and join the corporate defendants' motion that same day. (ECF No. 6).

Three other named plaintiffs were added to this suit in an amended complaint dated April 1, 2024. (ECF No. 15).  Later that month, the corporate defendants filed another motion to compel arbitration regarding Plaintiffs Barnes and Maurice Duck, Sr., and they separately moved to dismiss Plaintiffs Michael Young, Jr.'s and Derrick Tolliver's claims as untimely. (ECF Nos. 22-23).  The individual defendants moved to adopt and join these motions on May 6, 2024. (ECF Nos. 26-27).

However, Plaintiffs moved to quash the individual defendants' motions to adopt and join, with respect to Rebar only, arguing that counsel for the individual defendants never had sufficient contact with Rebar to represent him in this matter. (ECF No. 36).  The individual defendants responded, asserting that counsel was communicating with Rebar regarding this and a related case throughout March 2024, but that he stopped responding to emails in the middle of that month. (ECF No. 45).

On January 2, 2025—after a status conference where counsel confirmed that Rebar had been nonresponsive of late—the Court ordered Rebar to appear at a hearing on the various pending motions in this case and show cause "as to why a default judgment should not be entered against him." (ECF No. 50).

Rebar failed to appear at the hearing.  Counsel for the individual defendants confirmed that his last contact with Rebar was in March 2024, before individual defendants filed their motions at issue here, and that Rebar was presumably now living in Ukraine or Russia, where he went to participate in the war efforts in that

2

region. Counsel maintained that he had Rebar's general assent from before the relevant filings to proceed on Rebar's behalf. Counsel ultimately did not object to an entry of default for Rebar, but he asserted that any default judgment would be premature in this case because of the multiple similarly-situated defendants involved. After the hearing, Plaintiffs filed their request for an entry of default.

## II.   Legal Standard

Under Fed. R. Civ. P. 55(a), entry of default is warranted against a party who "fail[s] to plead or otherwise defend." Notably, circuits are split concerning whether the failure to appear after a party already filed a responsive pleading allows for default under Rule 55(a). *Contrast Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 917-18 (3d Cir. 1992) (broadly interpreting a failure to "otherwise defend" as encompassing a defendant who previously answered but failed to appear at trial), *and City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129-32 (2d Cir. 2011) (similar broad interpretation concerning the defendants' general withdrawal from the litigation), *with Bass v. Hoagland*, 172 F.2d 205, 209-11 (5th Cir. 1949) (default not appropriate for a defendant who failed to appear at trial). The Sixth Circuit has not addressed this split. Nevertheless, this district, among others, has endorsed entry of default under arguably similar circumstances to those here. *See Youngsoft, Inc. v. Skylife Co.*, No. 20-12800, 2021 U.S. Dist. LEXIS 195784, at *3-4 (E.D. Mich Oct. 21, 2021) (collecting cases and ruling that default is proper when

a corporate defendant fails to retain new counsel after the withdrawal of initial counsel).

### III. Analysis

Given the aforementioned facts, the Court concludes that an entry of default against Rebar is warranted. Critically, Rebar was nonresponsive and apparently out of the country before the amended complaint added three new plaintiffs and counsel for the individual defendants filed their motions at issue here. Rebar ignored the Court's show-cause order and failed to appear at the hearing to explain his position in this case, and the individual defendants' counsel does not object to an entry of default under the circumstances.

* * *

For the reasons provided, the Court ORDERS that Plaintiffs' request for an entry of default (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that Rebar is in default for his failure to plead or otherwise defend pursuant to Fed. R. Civ. P. 55(a).

Dated: March 4, 2025

s/Robert J. White
Robert J. White
United States District Judge