## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT BARNES, MAURICE DUCK, SR.,
MICHAEL YOUNG, JR., and DERRICK
TOLIVER on behalf of themselves and other
similarly situated individuals,

                Plaintiffs,      Case No.: 2:23-cv-12897

                                   Hon. Robert J. White
                                   Magistrate Kimberly G. Altman
                                   ***Class Action***

    v.

G4S SECURE SOLUTIONS (USA) INC.,
RENAISSANCE CENTER MANAGEMENT,
COMPANY, GENERAL MOTORS, LLC., FKA
GENERAL MOTORS COMPANY, UNIVERSAL
PROTECTION SERVICE, LLC., AKA ALLIED
UNIVERSAL SECURITY SERVICES, GREGORY
JENKINS, LARRY PAYNE, MICHAEL BALDWIN, JR.,
CHAD GRUETMAN, MICHAEL MOUILLESEAUX,
DANIEL REBAR, MATTHEW WILEY, MATTHEW
ZANI, CRAIG HACKETT, LAWERENCE CHILDS,
DOUGLAS BAYER, AND RENE LACELLE,
               Jointly and severally, Defendants.

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
## AGAINST DEFENDANT DANIEL REBAR AND TO SET HEARING
## TO DETERMINE AMOUNT OF DAMAGES

NOW COME Plaintiffs, Robert Barnes, Maurice Duck, Sr., Michael Young, Jr.

and Derrick Toliver, by and through their attorneys, The Sigler Law Firm, PLC. and

Edwards & Jennings, PC.,  and, in accordance with Fed. R. Civ. P. 55, and hereby

move this Court to enter a Default Judgment against Defendant Daniel Rebar in the

amount of costs, fees, and other damages to which Plaintiffs and putative class members are entitled after determination at hearing. In support of their Motion, Plaintiffs state the following:

1.     This Honorable Court granted Plaintiffs' Request for Clerk Entry of Default and entered an Order for Entry of Default against Defendant Daniel Rebar on March 4, 2025 for his failure to plead, appear at hearing, and/or otherwise defend. [ECF No. 54, 55]

2.     Defendant Rebar has failed to appear, plead or otherwise defend; thus, a Default Judgment is warranted and should be entered by this Court. *Fed. R. Civ. P. 12, 15(a)(3), 55(b)(2).* [ECF No. 54, 55]

3.     Plaintiffs' and other putative class members' damages are not a sum certain; thus, a hearing is warranted. *Fed. R. Civ. P. 55(b)(2)*

4.     A Default Judgment is warranted against Daniel Rebar and should be entered by this Court forthwith in an amount to be determined after hearing.

5.     There was a conference between the Court, the undersigned and Defendants' counsel, during which the movant explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought; this Court directed Plaintiffs to file this motion on the record at hearing on February 13, 2025.

6.     Plaintiffs and similarly situated individuals, putative class members, are

entitled to a Judgment for costs, fees and other damages against Defendant Rebar; such damages are not a sum certain. Therefore, Plaintiffs respectfully requests this Court grant Plaintiffs' Motion for Default Judgment against Defendant Rebar and set a hearing to determine the amount of damages to be awarded to Plaintiffs against Defendant Rebar.

Plaintiffs rely on the attached brief in support of this Motion.

WHEREFORE, Plaintiffs respectfully request that the Court enter a default judgment against Defendant DANIEL REBAR in favor of Plaintiffs and putative class members in an amount to be determined after hearing, including costs, fees, interest, other damages and/or injunctive relief to which Plaintiffs and putative class member are entitled.

March 17, 2025                              Respectfully Submitted,

                                           /s/Danielle Safran
                                           Danielle Safran
                                           THE SIGLER LAW FIRM, PLC.
                                           30300 Northwestern Hwy, Ste 337
                                           Farmington Hills, MI 48334
                                           (248) 705-6400
                                           Safranlaw1@gmail.com

                                           /s/ Alice B. Jennings
                                           Alice B. Jennings (P29064)
                                           EDWARDS & JENNINGS, PC.
                                           3031 West Grand Blvd., Suite 435
                                           Detroit, MI 48202
                                           (313) 961-5000
                                           ajennings@edwardsjennings.com
                                           *Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT BARNES, MAURICE DUCK, SR., MICHAEL YOUNG, JR., and DERRICK TOLIVER on behalf of themselves and other similarly situated individuals,

                Plaintiffs,        Case No.: 2:23-cv-12897

                                      Hon. Robert J. White
                                      Magistrate Kimberly G. Altman *Class Action*

        v.

G4S SECURE SOLUTIONS (USA) INC., RENAISSANCE CENTER MANAGEMENT, COMPANY, GENERAL MOTORS, LLC., FKA GENERAL MOTORS COMPANY, UNIVERSAL PROTECTION SERVICE, LLC., AKA ALLIED UNIVERSAL SECURITY SERVICES, GREGORY JENKINS, LARRY PAYNE, MICHAEL BALDWIN, JR., CHAD GRUETMAN, MICHAEL MOUILLESEAUX, DANIEL REBAR, MATTHEW WILEY, MATTHEW ZANI, CRAIG HACKETT, LAWERENCE CHILDS, DOUGLAS BAYER, AND RENE LACELLE,

            Jointly and severally, Defendants.

**<u>PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DANIEL REBAR AND TO SET HEARING TO DETERMINE AMOUNT OF DAMAGES</u>**

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court should enter a Default Judgment Against Defendant Rebar for failing to Appear, Answer or Otherwise Defend this litigation in an amount Plaintiffs are deemed entitled after hearing on this matter.


   PLAINTIFFS RESPONDS:  YES

   DEFENDANTS RESPOND: NO

## I.       BACKGROUND AND PROCEDURAL HISTORY

On November 14, 2023, Plaintiff Robert Barnes filed this putative class action against the Defendants alleging individual and class claims of employment discrimination arising out of his employment with Defendants GM, G4S, Allied and RCMC, including intentional race discrimination, race hostile work environment, failure to promote, and retaliation in violation of the Michigan Elliott Larsen Civil Rights Act, Civil Rights Act, 42 USC §1981 and §1983, Family Medical Leave Act, and the Michigan Whistleblower Protection Act on November 14, 2023 against his employers (Corporate Defendants) and co-workers (Individual Defendant Officers). [ECF No. 1]

On November 15, 2023, following the filing of Plaintiffs' Complaint, Kelly Eisenlour-moul, attorney for Corporate Defendants, waived service of the Summons and Complaint on behalf of Defendant Daniel Rebar and the other Individual Defendant Officers. [ECF No. 3] Two months later, Ronda Tate Truvillion of Lewis & Munday, PC. ("L&M") filed an appearance on behalf of Daniel Rebar[1] on January 14, 2024. [ECF No. 5]

---

[1] L& M also filed an appearance on behalf of other "Individual Defendants": Wiley, Zani, Hackett, Childs, Bayer, Mouilleseaux and Lacelle.

On April 1, 2024, Plaintiffs filed their Amended Complaint which added three additional Plaintiffs: Toliver, Duck, Sr. and Young, Jr. and added Defendant Allied Universal. [ECF No. 15] All Defendants were properly served with Plaintiffs' Amended Complaint on April 1, 2024. [ECF No. 15]

Defendant Rebar's counsel admitted that they have not heard from Defendant Rebar since March 11, 2024- weeks prior to Plaintiffs' Amended Complaint filing which added Plaintiffs Toliver, Duck, Sr. and Young, Jr. and Defendant Allied. Despite this, on May 6, 2024, Counsel for the Individual Defendants, including Rebar, filed two Motions to Join Corporate Defendants' Motions to Dismiss and Compel Arbitration. [ECF No. 26, 27] Just four days later, May 10, 2024, Truvillion filed a brief in *Brown case* stating "L&M is unable to confirm whether Mr. Rebar is currently living in Ukraine or, indeed, whether he is still alive." [Brown v. G4S, 2:23-cv-10085-SJM-KGA ECF No. 83, PageID.2107-2108]

Based on the foregoing, Plaintiffs filed a Motion to Quash ECF No. 26, 27 as to Defendant Rebar. [ECF No. 36, 46] This Honorable Court granted Plaintiffs' motion on March 11, 2025[2]. [ECF No.55, PageID.1974, *see also* ECF No. 54]

---

[2] This Honorable Court entered an Order for Defendant Rebar to appear at hearing on February 13, 2025 and show cause as to why a default judgment should not be entered against him. [ECF No. 50] Defendant Rebar did not appear at hearing; despite proper notice by his counsel. Therefore, this Court held Defendant Rebar in contempt of Court and defaulted him on the record for non-appearance. [*See also* ECF No. 54, 55]

4

This Honorable Court granted Plaintiffs' Request for Clerk Entry of Default and entered an Order for Entry of Default against Defendant Daniel Rebar on March 4, 2025 for his failure to plead, appear at hearing, and/or otherwise defend. [ECF No. 54] A Default Judgment is now warranted against Daniel Rebar and should be entered by this Court forthwith in an amount to be determined after hearing. *Fed. R. Civ. P. 12, 15(a)(3), 55(b)(2)*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides Plaintiffs must apply to the Court for Default Judgment in the event that the amount of damages Plaintiffs and putative class members seek are not a sum certain. *Fed. R. Civ. P. 55(b)(2)*[3] After a court determines that a default judgment should be entered, the court will determine the amount and character of the recovery awarded. *See Wright & Miller, 10A Federal Practice & Procedure, §2688 (3d ed. 1998)*

> The court may conduct hearings or make referrals—preserving
> any federal statutory right to a jury trial—when, to enter or
> effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

*Fed. R. Civ. P. 55(b)(2)(A-D)*

---

[3] Defendant Rebar is not a minor or incompetent person.

This Court has already entered an entry of default against Defendant Rebar for failing to plead or otherwise defend against an action. [ECF No. 54] Thus, a hearing to determine the amount of damages is warranted. *Fed. R. Civ. P. 55(b)(2)(B)*

### III.    ANALYSIS

This Honorable Court granted Plaintiffs' Motion to Quash Defendant Rebar's Motion to Join Corporate Defendants' Motions to Compel and Motions to Dismiss and held that Defendant Rebar failed to answer, appear or otherwise defend in this case.[4] [ECF No. 55, PageID.1974; ECF No. 54]

Moreover, this Court granted Plaintiffs' Request for Clerk Entry of Default and entered an Order for Entry of Default against Defendant Daniel Rebar on March 4, 2025 for his failure to plead, appear at hearing, and/or otherwise defend. [ECF No. 54; *see also* ECF No.55, PageID.1974]

As this Court stated in its Order to Enter Default against Defendant Rebar,

> [c]ritically, Rebar was nonresponsive and apparently out of the country before the amended complaint added three new plaintiffs and counsel for the individual defendants filed their motions at issue here. Rebar ignored the Court's show-cause order and failed to appear at the hearing to explain his position in this case…[ECF No. 54, PageID.1952]

---

[4] This Honorable Court entered an Order for Defendant Rebar to appear at hearing on February 13, 2025 and show cause as to why a default judgment should not be entered against him. [ECF No. 50] Defendant Rebar did not appear at hearing; despite proper notice by his counsel. Therefore, this Court held Defendant Rebar in contempt of Court and defaulted him on the record for non-appearance. [*See also* ECF No. 54, 55]

6

Defendant Rebar was not properly included in individual Defendant' Motions to Join

Corporate Defendants Motion to Dismiss and Compel Arbitration, ECF No. 26, 27,

and Plaintiffs' Motion to Quash was therefore granted. [ECF No. 55, PageID.1974]

Therefore, a Default Judgment is warranted against Defendant Rebar under Fed. R.

Civ. P. 55. This Honorable Court now needs to determine the amount and character

of the recovery to be awarded to Plaintiffs.

This Court may either enter a default judgment in a certain amount or conduct

a hearing to determine the appropriate amount of damages. Since the Plaintiffs'

damages set forth in their Amended Complaint are not a sum certain and includes

requests for injunctive and other relief, Plaintiffs bring this Motion for Default

Judgment before this Court in compliance with Fed. R. Civ. P. 55(b)(2).  [ECF No.

15, PageID.636, 638, 707-708, 715, 720-721, 724-725, 739, 744, 769-771]

The decision to grant default judgment is within the discretion of the district

court. *See Lincoln v. Comm'r of Soc. Sec.*, 62 F. App'x 93, 94 (6th Cir. 2003). See

*Fed.R.Civ.P. 12(a)(1)(A)(ii); Fed.R.Civ.P 4(d)(3); Fed.R.Civ.P.12(b)* Here, as held

by this Court, Defendant Rebar failed to answer or bring any responsive motion and

failed to appear at hearing as ordered by this Court; he was held to be in default.

[ECF No. 54, 55 PageID.1974] *See Jones v. Portfolio Recovery Assocs., No. 16-

14061, 2017 WL 5162256, at 1 (E.D. Mich. Nov. 7, 2017) (holding that a default

judgment is merely an admission of the facts in the complaint which themselves must*

*be sufficient to establish liability as a basis for recovery of damages).* Defendant

Rebar's admission of facts in the complaint are sufficient to establish liability as a

basis for Plaintiffs' and putative class members' recovery of damages.

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not

differ in kind from, or exceed in amount, what is demanded in the pleadings." *Fed.*

*R. Civ. P. 54(c)* Moreover, "[t]he court may conduct hearings…when, to enter or

effectuate judgment, it needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the trust of any allegation by evidence; or
> (D) investigate any other matter.

*Fed. R. Civ. P. 55(b)(2)* In this case, a hearing is necessary to determine the amount

of damages that Plaintiffs and putative class members are entitled against Defendant

Rebar based on damages set forth in Plaintiffs' Amended Complaint. [ECF No. 15]

In accordance with *Fed. R. Civ. P. 55,* Plaintiff respectfully requests this

Honorable Court enter a Default Judgment for Plaintiffs against Defendant Rebar,

based on his failure to plead, appear and/or otherwise defend this matter, including

an order for all injunctive relief, costs, fees and other damages prayed for in Plaintiffs'

Amended Complaint in an amount to be determined after hearing. *Fed. R. Civ. P.*

*55(b)(2)(B).*

8

**CONCLUSION**

An entry of default has been ordered by this Court against Defendant Rebar, [ECF No. 54] A Default Judgment is now warranted against Daniel Rebar and should be entered by this Court forthwith; however, damages are not a sum certain. *Fed. R. Civ. P. 12, 15(a)(3), 55(b)(2).* Therefore, Plaintiffs respectfully request a hearing be set in this matter to determine the amount of damages that Plaintiffs and similarly situated putative class members are entitled in a default judgment against Defendant Rebar and request entry of the Default Judgment in the amount of such.

Based on Rebar's failure to appear, answer or otherwise defend in this matter as previously held by this Court, Plaintiffs' Motion for Default Judgment against Defendant Rebar is appropriate and should be granted in the amount to be determined after hearing, along with attorney fees, costs, interest, other damages and injunctive relief a Plaintiffs and putative class members are deemed entitled. [ECF No. 54, 55]

WHEREFORE, Plaintiffs respectfully request that the Court enter a default judgment against Defendant DANIEL REBAR in favor of Plaintiffs and putative class members in an amount to be determined after hearing, including costs, fees, interest, other damages and/or injunctive relief to which Plaintiffs and putative class member are entitled.

March 17, 2025       Respectfully Submitted,

/s/Danielle Safran
Danielle Safran
THE SIGLER LAW FIRM, PLC.
30300 Northwestern Hwy, Ste 337
Farmington Hills, MI 48334
(248) 705-6400
Safranlaw1@gmail.com
*Attorney for Plaintiffs*

/s/ Alice B. Jennings
Alice B. Jennings (P29064)
EDWARDS & JENNINGS, PC.
3031 West Grand Blvd., Suite 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardsjennings.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective email address(es) as disclosed on the pleadings via this Court's EFC system on March 17, 2025.

/s/Danielle B. Safran
Danielle B. Safran

10