UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BARNES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC., et al.,<br><br>    Defendants. | Case No. 23-12897<br><br>Honorable Robert J. White |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT**

This matter is before the court on Plaintiffs' motion for default judgment as to Defendant Daniel Rebar. (ECF No. 56). For the reasons explained below, Plaintiffs' motion is denied without prejudice.

On March 4, 2025, the Court entered a default against Rebar for his failure to appear and present a defense in this matter. (ECF No. 54). Plaintiffs now move for a default judgment against Rebar and request a hearing to determine the amount of damages he owes. (ECF No. 56).

Here, as a result of the entry of default, the factual allegations against Rebar may be established as true. Plaintiffs have thus generally established their

entitlement to relief against Rebar.  However, Plaintiffs argue that "damages are not a sum certain; thus, a hearing is warranted." (ECF No. 56, PageID.2020).

Where a plaintiff's request for default does not involve a claim for a sum certain, "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages[.]" Fed. R. Civ. P. 55(b)(2)(B).  *See also Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010) ("Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain.").

But courts of this district, to avoid inconsistent judgments in multi-defendant actions, have postponed entering default judgments until the liability of the answering defendants is adjudicated. *See Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-09 (E.D. Mich. 2005); *Garcia v. Beaumont Health*, No. 19-11673, 2020 U.S. Dist. LEXIS 160360, at *2 (E.D. Mich. Sept. 3, 2020).  "When multiple defendants are jointly liable or have similar defenses, courts apply the same legal rulings to the defaulting defendants as to the answering defendants." *Garcia*, 2020 U.S. Dist. LEXIS 160360 at *2.  "If an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.* at *3 (cleaned up).

"When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Id.* (quoting *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 329 (E.D. Mich. 2000)). The United States Supreme Court has stated:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court . . . [and] will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at a final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Frow v. De La Vega*, 82 U.S. 552, 554 (1872). And the Sixth Circuit applied this rule from *Frow* in *Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 U.S. App. LEXIS 12265 (6th Cir. Sept. 9, 1988), albeit as "a narrow one" that "applies in general when the liability of the defendants is joint." *Id.* at *6-8.

There critically has not yet been any trial or other formal presentation of evidence in this case to determine the merits of Plaintiffs' allegations. And the remaining individual and corporate defendants, who may be jointly and severally

3

liable with Rebar for any damages, continue to defend in the action.  Next, although Plaintiffs seek damages from Rebar for all putative members of the class in this case, the Court has yet to certify a class in this matter.  Given the foregoing, although Rebar is in default, the Court concludes that it is premature to enter a default judgment against him. *See Garcia*, 2020 U.S. Dist. LEXIS 160360 at *8-9; *see also Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2023) (class damages award against defaulted defendant without first certifying the class is invalid); *Smith v. ComputerTraining.com, Inc.*, No. 10-11490, 2011 U.S. Dist. LEXIS 7801, at *6, 21-22 (E.D. Mich. Jan. 27, 2011) (certification of class is prerequisite to awarding class damages).  Accordingly,

IT IS ORDERED that Plaintiffs' motion for a default judgment (ECF No. 56) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: May 5, 2025    s/Robert J. White
　　　　　　　　　　　　　　　　Robert J. White
　　　　　　　　　　　　　　　　United States District Judge