UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| ROBERT BARNES, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC., et al.,<br><br>        Defendants. | Case No. 23-cv-12897<br><br>Honorable Robert J. White |

**STIPULATED PROTECTIVE ORDER**

The parties having stipulated and agreed to this Protective Order, and the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED AS FOLLOWS:**

Counsel for all parties in this case understand that certain of the discovery involves production of documents and things containing personal, private, medical, business, competitive, proprietary, patented, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence) hereafter referred to as "Confidential Information."

1.        Defendants shall treat all records and information obtained from

1

third parties regarding the medical treatment of plaintiffs as "Protected Information." This includes any and all protected health information, including medical records and demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. It is the intent of the parties that information will not be designated as **Confidential** for tactical reasons and that nothing be so designated without a good faith belief that the information is confidential it has been maintained in a confidential, non-public manner. Any party designating material as Confidential certifies that such designation is made in good faith and that there is a legitimate basis for protection under applicable law. A party who over-designates material without reasonable basis may be subject to cost-shifting upon successful challenge before this Court.

The parties further acknowledge that this Protective Order is subject to the requirements and limitations of the Local Rules of the Eastern District of Michigan. Accordingly, the parties and their counsel stipulate as follows:

2.      The parties will designate such protected materials by stamping and/or labeling such discovery material as "Confidential." These materials will be subject to the provisions of this Protective Order, and all original and copies of these materials in the possession or control of any party or any employee and agents of any party are subject to the provisions of this Protective Order. Such designations must be made reasonably and in good faith.

3.      The materials and information designated as "Confidential" or "Protected Information, as defined above," (collectively, "Designated Material") in accordance with this Protective Order will be used solely for the purpose of discovery, trial, appeal, and/or settlement of this action and, unless the Court subsequently rules otherwise, such documents or information will not be disclosed to any person or entity other than as follows:

   a. The Parties of record;

   b. Attorneys (including in-house and outside counsel) of the parties to the litigation (or the corporate parent of a party to the litigation) and such attorneys' employees;

   c. The legal, clerical, paralegal, or other staff of counsel to any party to this Protective Order;

   d. The author or recipient of a document containing the information and/or a custodian and/or other person who otherwise possessed or knew of the information;

e. Persons retained by any party to this Protective Order to furnish expert services or advice or to give expert testimony in this action (and their agents and employees);

f. Any mediator appointed by the Court or selected by mutual agreement of the parties, and the mediator's secretarial and clerical personnel;

g. Court reporters utilized in this action;

h. Persons giving testimony, including testimony during depositions, in this litigation and any attorney(s) for such witnesses;

i. Court officials involved in this litigation (including court reporters, case managers, persons operating video recording equipment and/or conducting remote computer services at depositions, and any special master appointed by the Court); and

j. Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper after hearing of the parties.

4. Designated Material disclosed to any of the persons listed in paragraph 3 must not be disclosed by him or her to any other person. However, nothing shall prevent disclosure beyond the terms of this Order if the party and/or third-party designating the information as Confidential withdraws the designation or if the Court, after notice to all the parties, orders disclosure.

5. **Inapplicability of Protective Order:** This Protective Order shall not apply to information that: i) was, is, or becomes public knowledge (not by any way of a violation of this Protective Order) as determined by the Court; ii) was or is acquired from a third party possessing such information; or iii) the disclosing party establishes that such was already in its possession at the time of the disclosure, regardless of whether such was later produced by the Designating Party.

6. If counsel for a party hereafter desires to make Designated Material available to any person other than those referred to in paragraph 3 above, counsel must identify the Designated Material involved, identify the person to whom he or she wishes to make disclosure, and inform counsel for the disclosing party of their desire. If counsel is subsequently unable to agree on the terms and conditions of disclosure to such additional persons, disclosure may be made only on such terms as the Court may order.

7. The inadvertent failure to designate discovery material as Confidential, shall be corrected by supplemental written notice to the Receiving Party as soon as

practicable, and the Receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed and to prevent further use or disclosure of confidential information contained therein by such persons. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

8.     Deposition testimony may be designated as Confidential as follows: by providing written notice to all parties, marking the designated page(s) of the transcript as "Confidential," and providing a copy to all counsel of record within twenty-one days (21) days of receipt of the final transcript. Absent timely designation, the testimony shall not be treated as confidential.

9.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness or segregation of privileged or protected information. Any discovery material so produced and subsequently made subject to a claim of privilege or work-product shall

immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such discovery material shall not be introduced into evidence in this or any other proceeding by any person or order of the Court, nor will such discovery material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding. The production of any discovery material in this action, which, absent such production, would have been in whole or in part privileged under the attorney-client privilege or the work-product doctrine, will not waive the attorney-client privilege or the work-product doctrine as to any material not produced, regardless of its subject matter. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work-product protection, or any other privilege.

10.     If any person in possession of Confidential material is served with any legal process or other request seeking production of such material, such person shall give the Designating Party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two (2) business days before furnishing such response; and (c) written notice of any hearing or other proceeding relating to such request at least five (5) business days before such hearing or other proceeding (unless such person receives less than five (5) business days' notice, in which event notice shall be given the same day as such person receives notice). Nothing in this order shall be construed as requiring the person served with

any legal process or other request seeking production of any discovery material to refuse to comply with its legal obligations regarding such process or request.

11.     The provisions of this Protective Order do not address the use or admissibility of Designated Material as evidence at trial, or as part of the record on appeal. Nothing in this Protective Order is intended to preclude admissibility into evidence any documents labeled as Designated Material. The parties shall first attempt to reach agreement on the handling of Designated Material at trial, and shall ask the Court to approve any agreement of the parties. Any party may seek an appropriate Court order to protect Designated Material at trial or on appeal. Absent agreement, the Court shall determine use of Designated Material at trial or appeal.

12.     **Filing Protected Documents**. If documents designated as Confidential are filed with the Court, the names of Corporate Defendants' current or former employees (other than named parties), shall be redacted to their initials to protect the privacy of those individuals. Home addresses, phone numbers, driver's license numbers, social security numbers, medical/health information, and other identifying or sensitive information of such persons shall also be redacted.

13.     This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule or order of the Court. A Designating Party seeking to seal any Designated Material before filing (by any party) shall file and serve a motion that sets forth the

following: i) the authority for sealing; ii) an identification and description of each item proposed for sealing; iii) the reason that sealing each item is necessary; iv) that reason that means other than sealing are not available or are unsatisfactory to preserve the interest advanced by the movant in support of sealing; v) a memorandum of legal authority supporting sealing. *See Local Rule 5.3.*

14.     Any party, other than the Designating Party, that anticipates e-filing any material that has been designated as Designated Material must provide reasonable notice to the Designating Party of the proposed filing. Within three (3) days of that notice being provided, as further detailed in Paragraph 15, the parties will meet and confer as to the necessity of a motion for leave to file the materials under seal. Any such motion must be filed within seven (7) days of the meet and confer. Should the Designating Party choose not to file a motion for leave to file under seal, such shall result in a waiver of such Designated Materials designation and the disclosing party may e-file such information on public record.

15.     Should the Designating Party desire to have Designated Material sealed, the parties shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Designated Material under seal, in a good faith attempt to reach an agreement regarding whether the Designated Material should be filed under seal before filing such motion. *See E.D. Mich. LR 7.1(a).* If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in

conformance with *Eastern District of Michigan Local Rule 5.3.* If an agreement is not reached, then the Designating Party may file a motion in compliance with Eastern District of Michigan Local Rule 5.3. If the motion to seal is denied, then no party may file such under seal.

16.     The designation of Confidential, shall not be determinative and may be modified or eliminated at any time by either: a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced, or; b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the Receiving Party may move the court to downgrade or eliminate such designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

17.     Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Designated Material.

18.     Compliance with the terms of the Protective Order shall not be deemed an admission that any discovery material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any discovery material for any reason whatsoever. Nothing in this Order shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Designated

Material, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

19.     This Protective Order shall apply to the production of all materials designated as "Confidential," whether or not such materials are informally produced or produced in response to a formal discovery request or in response to a Court order in this litigation.

20.     This Protective Order may only be amended by the written agreement of counsel for all parties in the form of a stipulation that shall be submitted to the Court for approval and filed herein. This Protective Order shall remain in full force and effect until further stipulation by the parties and/or order of the Court.

21.     If any person violates or threatens to violate any term in the order, the aggrieved party may seek an appropriate remedy from the Court. The parties understand that damages suffered as a consequence of a breach of this Protective Order are difficult to ascertain, and any party who has had Designated Material wrongfully disclosed or who faces the threat of Designated Material being wrongfully disclosed may pursue any legal or equitable relief to which it is entitled as the result of such breach. If any party to this Protective Order is held by the Court to have breached this Protective Order, that party and/or their counsel may be subject to sanctions if deemed warranted by the Court.

22. The terms of this Order shall be effective upon entry of the Court. Prior to the Court's entry, the parties agree to treat all materials designated as Confidential in accordance with the terms herein solely as an interim measure, subject to the Court's modifications upon review.

23. The terms of this Order shall survive the conclusion of this litigation for a period of two (2) years, after which any party may seek dissolution or modification.

24. Within sixty (60) days of the final resolution of this matter, the parties shall meet and confer for the purpose of determining the manner in which designated materials will be returned or destroyed.

25. The parties acknowledge that this Protective Order is subject to the requirements and limitations of the Local Rules of the Eastern District of Michigan. To the extent that there is any conflict between the terms of this order and rules of the Court, the rules of the Court will govern. This Court shall have jurisdiction to enforce the terms of this Protective Order.

SO ORDERED.

s/Robert J. White_____
Robert J. White
United States District Judge

Date: June 1, 2026

**STIPULATED TO:**

/s/ Autumn Sharp
David Hamilton (GA Bar No. 141397)
Jack Ryan (ARDC Bar No. 6354139)
Giovanni Padilla (ARDC Bar No. 6343017)
Autumn Sharp (ARDC Bar No. 6288591)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3124
(224) 350-3720
(224) 350-3122
(224) 350-3127
dhamilton@martensonlaw.com
jryan@martensonlaw.com
gpadilla@martensonlaw.com
asharp@martensonlaw.com
*Counsel for Corporate Defendants*


/s/ Danielle Safran (with consent)
Danielle Safran (P61965)
The Sigler Law Firm, PLC
30300 Northwestern Hwy, Ste 337
Farmington Hills, MI 48334
(248) 932-3500 Ext. 237
safranlaw1@gmail.com
*Counsel for Plaintiffs*


/s/ Alice B. Jennings (with consent)
Alice B. Jennings (P29064)
Carl R. Edwards (P24952)
Edwards & Jennings, PC
3031 West Grand Boulevard, Suite 435
Detroit, MI 48202
(313) 961-5000
ajennings@edwardsjennings.com
cedwards@edwardsjennings.com

*Co-Counsel for Plaintiffs*


/s/ Jonathan R. Marko (with consent)
Jonathan R. Marko (P72450)
Michael L. Jones (P85223)
Allie J. Farris (P88654)
Marko Law, PLLC
220 W. Congress Street, Suite 500
Detroit, MI 48226
(313) 961-2550
jon@markolaw.com
michael@markolaw.com
allie@markolaw.com
*Co-Counsel for Plaintiffs*

/s/ Donald Hutchinson (with consent)
Ronda Tate Truvillion (P70767)
Hans J. Massaquoi (P44748)
Donald Hutchinson
Lewis & Munday, P.C.
220 W. Congress Street, Suite 500
Detroit, MI 48226
(313) 961-2550
rtate@lewismunday.com
hmassaquoi@lewismunday.com
*Counsel for Individual Defendants*