UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BARNES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC., et al.,<br><br>Defendants. | Case No. 23-cv-12897<br><br>Honorable Robert J. White |

**ORDER (1) GRANTING IN PART AND DENYING IN PART CORPORATE DEFENDANTS' MOTION (ECF NO. 127) AND (2) APPOINTING A DISCOVERY MASTER**

This matter is before the court on Corporate Defendants'[1] motion to appoint a discovery master, extend deadlines related to discovery and class certification, and set a Rule 16 planning conference. (ECF No. 127). Plaintiffs responded in opposition. (ECF No. 134).

As particularly relevant here, the Court on June 17, 2026, following a status conference with the parties to discuss potential discovery disputes, referred the case to Magistrate Judge Kimberly G. Altman to handle all discovery matters. (*See* ECF

[1] Corporate Defendants include G4S Secure Solutions (USA) Inc. (G4S), Renaissance Center Management Company (RCM), General Motors, LLC (GM), and Universal Protection Service, LLC (Universal).

No. 108). At the time, phase I discovery was due by July 31, 2026. (ECF No. 104). This deadline was later extended until August 31, 2026. (ECF No. 121).

Since the referral to Magistrate Judge Altman, the parties collectively filed six separate discovery motions, four of which remain pending, many of which are complex. (*See* ECF Nos. 111, 115, 125, 126, 128, 130). Having conferred with the magistrate judge, the court concludes that the number and complexity of the parties' discovery disputes precludes the effective and timely resolution by the Court or magistrate judge assigned to this case. *See* Fed. R. Civ. P. 53. For example, in the time it took the magistrate judge to rule on the first two discovery motions, four others were filed. Relatedly, based on the Court's familiarity with the parties, the complexity of the case, and the Court's experience with similar cases, appointing a discovery master will promote efficiency, conserve judicial resources, reduce the parties' overall expenses, and expedite the ultimate resolution of the case. The Court will therefore appoint Mr. Michael G. Latiff[2] to serve as the discovery master.

Next, given the number of complex discovery disputes that remain pending and their likely effect on the course of discovery, the Court concludes that good cause exists to extend scheduling deadlines in this case. That said, it remains unclear when exactly the various pending motions will be resolved such to provide the clarity

[2] Mr. Latiff can be reached by phone at (248) 220-1351 or by email at mlatiff@mcdonaldhopkins.com.

necessary to determine an appropriate amended schedule. The Court therefore will not set any specific amended dates or schedule a Rule 16 conference at this time. Instead, the Court will require the discovery master to confer with the parties and recommend to the Court following resolution of all the pending discovery motions a schedule of proposed amended deadlines that appropriately reflect how much additional time, if any, is needed given (1) when the outstanding discovery issues are ultimately resolved and (2) the specific relief ordered in resolving these issues.

For the time being, the Court stays all deadlines concerning discovery or class certification pending resolution of the outstanding discovery motions. A specific revised schedule will be issued only after the discovery disputes are resolved. Accordingly,

IT IS ORDERED that Corporate Defendants' motion (ECF No. 127) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Mr. Latiff is APPOINTED discovery master. The Master must FILE an affidavit within two weeks of this order, affirming that he knows of no non-disclosed grounds for disqualification under 28 U.S.C. § 455 that would prevent him from serving as discovery master. The Master's appointment takes effect on filing of the affidavit.

IT IS FURTHER ORDERED that the Master is AUTHORIZED and EMPOWERED to supervise, manage, and make recommendations to the Court regarding disposition of all discovery disputes and other discovery-related issues.

IT IS FURTHER ORDERED that the Master may CONDUCT hearings and conferences with the parties in the manner and at the times and locations he deems appropriate. The Master may also COMMUNICATE ex parte with the Court or a party as he deems appropriate.

IT IS FURTHER ORDERED that the Master MUST PROCEED with all reasonable diligence and must MAKE a complete record of the evidence considered in making or recommending findings of fact. The Master need only FILE evidence as an attachment to a recommendation and report if the evidence has not been attached to a party's briefing. The Master must MAINTAIN normal billing records of time spent on the matter, with reasonably detailed descriptions of activities and matters worked on.

IT IS FURTHER ORDERED that the Master must be COMPENSATED by the parties at his usual rate and reimbursed for reasonable travel expenses. Corporate

Defendants must bear the full costs and fees, subject to (1) limited allocation of costs by the Master against Plaintiffs only to compensate for any unreasonable delay or related impropriety; and (2) redistribution by the Court.

IT IS FURTHER ORDERED that any objection to a report and recommendation filed by the Master must be FILED no later than twenty-one days after a copy is filed on the docket. Responses to any objections must be FILED no later than twenty-one days after objections are filed on the docket. Failure to timely object to the Master's ruling is a permanent waiver of any objection to the Master's report and recommendation such that they are DEEMED approved, accepted, and ordered by the Court.

IT IS FURTHER ORDERED that the Master may IMPOSE any noncontempt sanction provided by Rule 37 or 45 on a party, and the Master may RECOMMEND a contempt sanction against a party and sanctions against a nonparty.

IT IS FURTHER ORDERED that all deadlines concerning discovery or class certification are HEREBY STAYED pending resolution of the outstanding discovery motions. The Master, before resolving the last discovery motion, SHALL confer with the parties concerning an appropriate schedule moving forward in this case.

And the Master, within one week of when he has ruled on all the pending discovery motions, SHALL submit a recommendation to the Court to suggest appropriate revised deadlines.

SO ORDERED.

Dated: September 17, 2026

s/Robert J. White
Robert J. White
United States District Judge